832

UNITED STATES for Use and Benefit of GENERAL ELECTRIC SUPPLY CORPORATION v. HARRY HERSHSON CO., Inc., et al.

District Court, S. D. New York.

Nov. 6, 1943.

Sydney Hut, of New York City, for plaintiff.

Max E. Greenberg, of New York City (Emanuel Harris, of New York City, of counsel), for defendants.

GODDARD, District Judge.

Motion by plaintiff, General Electric Supply Corporation, for summary judgment.

The action is based on the Miller Act, 40 U.S.C.A. § 270a et seq., to recover $736 on a payment bond executed by defendant Harry Hershson Co. Inc. (hereinafter referred to as Hershson), as principal, and the defendant Standard Accident Insurance Company as surety.

Hershson was the general contractor for the construction of an addition to the Cadet Hospital and Annex at West Point, New York. Material was furnished by General Electric Supply Corporation under a contract with Nathan Schwartz, a subcontractor.

The applicable provision of the Miller Act is 40 U.S.C.A. § 270b.[1]

The last date upon which the material was supplied was April 19, 1943.

It is alleged by plaintiff that notice in accord with the provisions of Section 270b was sent to the defendant Hershson by the attorney for the plaintiff, General Electric Supply Corporation, by letter dated June 16, 1943.

Hershson contends that the shipment on April 19 was made to it directly and not to the subcontractor and that the statute was not complied with in respect to notice, since ninety days from the date of the last shipment to the subcontractor elapsed on May 18, 1943. However, it appears from the pleadings and affidavits that the material delivered on April 19, 1943, was the balance of the material ordered by Schwartz but not yet delivered and was delivered to Hershson under the same invoice number as the previous shipment to Schwartz. So that the notice of June 16th was within the ninety day limitation. Schwartz having failed to complete his work, Hershson sent its truck for the rest of the material ordered by Schwartz and completed the work. In view of this situation and Hershson's admission of receipt of the notice of June 16th, the only reasonable conclusion is that Hershson had knowledge of the pertinent facts, and his denial of knowledge or information sufficient to form a belief as to the plaintiff's allegations in respect to the merchandise

---

[1] 40 U.S.C.A. § 270b. "Every person who has furnished labor or material * * * in respect of which a payment bond is furnished * * * and who has not been paid in full therefor before the expiration of a period of ninety days after the day on which * * * material was furnished or supplied by him for which such claim is made, shall have the right to sue on such payment bond for the amount, or the balance * * * due * * *. Provided, however, that any person having direct contractual relationship with a subcontractor but no contractual relationship direct or implied with the contractor furnishing the payment bond shall have a right of action upon the said payment bond upon giving written notice to said contractor within ninety days from the date on which such person did or * * * furnished or supplied the last of the material for which such claim is made * * *."

previously delivered to the subcontractor, Schwartz, or that plaintiff had not been paid, is frivolous. Cf. United States ex rel. and for Use and Benefit of Korosh et al. v. Otis Williams & Co., D.C., 30 F. Supp. 590.

There is no genuine issue of fact and plaintiff's motion for summary judgment is granted. Settle order on notice.