UNITED STATES of America, for the Use and Benefit of J. A. EDWARDS & CO., Inc., Plaintiff,

v.

PETER REISS CONSTRUCTION CO., Inc., the Travelers Indemnity Company and Ben B. Greene, Inc., Defendants.

Civ. No. 17713.

United States District Court
E. D. New York.

March 13, 1959.

See, also, 156 F.Supp. 788.

Irving Levine, New York City, for use plaintiff.

M. Carl Levine, Morgulas & Foreman, New York City, David Morgulas, New York City, of counsel, for defendants Peter Reiss Const. Co., Inc. and Travelers Indemnity Co.

BRUCHHAUSEN, District Judge.

This is an action to recover the sum of $6,274.44 allegedly due to the use plaintiff for electrical supplies and materials delivered for use at a Government anti-aircraft installation, located at Lido Beach, New York.

The facts are that on November 17, 1955, the Government through its Corps of Engineers, United States Army, New York District, entered into a contract with the defendant Peter Reiss Construction Co., Inc., whereby Reiss agreed to furnish all labor and materials and perform all work required for a Government project known as "Special AAA Facility, Lido Beach, New York"; that The Travelers Indemnity Company supplied the bond required by the Miller Act, 40 U.S.C.A. § 270a; that the defendant, Ben B. Greene, Inc., was a subcontractor of Reiss and requested plaintiff Edwards to deliver certain electrical supplies and materials for use at such installation.

The use plaintiff alleges delivery of materials valued at the sum of $10,766.27 and payments received of $4,491.83, leaving an unpaid balance of $6,274.44, due and owing to Edwards from defendant Reiss, the prime contractor.

The Miller Act, 40 U.S.C.A. 270b, provides that one having a direct contractual relationship with a subcontractor but not with the general contractor shall have a right of action upon the latter's bond upon giving written notice to such general contractor within 90 days from the date on which such person did or performed the last of the labor or furnished or supplied the last of the material for which such claim is made.

The plaintiff alleges compliance with the statute in two ways, i. e., first by a letter written by defendant Greene to defendant Reiss on January 9, 1957, and second by a direct written notice to Reiss on April 5, 1957.

The letter of January 9, 1957, does not appear to be the kind of notice prescribed by the Miller Act.

While it is true that the Miller Act is generally liberally construed, certain basic requirements remain which must be complied with. A letter to be valid as notice must be sent to the prime contractor by or upon the authority of the supplier. It must inform the prime contractor that there are still amounts due and owing from the subcontractor and that the supplier is looking to the prime contractor for payment thereof. Bowden v. United States, 9 Cir., 239 F. 2d 572.

The letter from Greene to Reiss does not meet these requisites. It merely requests Reiss to credit Edwards with certain sums due Green from Reiss. There is no notice to Reiss that Edwards intends to hold it for the amounts owed by Greene. Therefore this letter is not adequate notice under the Miller Act. Whether Edwards gave adequate notice depends solely on a construction of the notice of April 5, 1957.

A subcontractor, such as the plaintiff, may not recover under the Miller Act unless it delivers materials or performs labor, called for by the terms of the prime contract, and also serves the notice within 90 days after the date of such delivery or performance. See United States, for Use and Benefit of P. A. Bourquin & Co. v. Chester Construction Co., 2 Cir., 104 F.2d 648; United States, for Use & Benefit of General Electric Supply Corp. v. Harry Hershson Co., D.C., 52 F.Supp. 832. Hence, the plaintiff was obligated to prove that it caused a delivery of material, called for by the terms of the prime contract, to be made to Greene within the period of 90 days preceding the date of service of the notice.

Concededly a delivery of such material was made on October 31, 1956. If that date was the last time such contract material was delivered then the notice of April 5, 1957, was too late and not within the 90 day period.

The plaintiff claims a later delivery, the delivery of a switch costing $15.90, on March 5, 1957. This claim is the principal issue in the case. If sustained, the notice of April 5, 1957, would have been timely, as within the 90 day provision.

The plaintiff's proof is most unsatisfactory and unconvincing. It makes a desperate and futile effort to tie in this minor item with the prime contract. According to its contention, all but $15.90 of goods out of a total of $10,-766.27 was delivered on or prior to October 31, 1956, then after a hiatus of four months comes the last delivery, the said switch. In fact, more than $9,600 of the goods was delivered on or prior to September 25, 1956, more than six months prior to the date of the said notice.

The requirement of the 90 days notice is to afford some protection to the prime contractor in making payments to the subcontractor. The prime contractor made substantial payments to Greene between August 1956 and January 1957.

Upon careful scrutiny and consideration of the evidence, the Court concludes that the plaintiff has not established its claim.

Submit proposed findings and judgment on notice.