UNITED STATES of America for the use of McGREGOR ARCHITECTURAL IRON CO., Inc., Plaintiff,

v.

MERRITT-CHAPMAN & SCOTT CORPORATION et al., Defendants.

Civ. A. No. 5487.

United States District Court
M. D. Pennsylvania.

July 27, 1960.

See also 150 F.Supp. 323.

Welles & Mackie, Scranton, Pa., for plaintiff.

John W. Bour, O'Malley, Morgan, Bour & Gallagher, Scranton, Pa., for defendants.

FOLLMER, District Judge.

This matter having come on for hearing without a jury, I make the following

### Findings of Fact

1. Under date of May 27, 1952, the defendant, Merritt-Chapman & Scott Corporation, entered into a contract with the United States of America known as Contract No. DA–36–109 eng.– 2901 for the construction of buildings, utility systems and site improvements for the Signal Corps Depot, Tobyhanna, Monroe County, Pennsylvania. The said contract was to be performed and executed at Tobyhanna, Monroe County, which is in the Middle District of Pennsylvania.

2. Under date of May 27, 1952, the defendant, Merritt-Chapman & Scott Corporation as principal and the other defendants as sureties entered into a. payment bond in accordance with the Miller Act, 40 U.S.C.A. §§ 270a and 270b, in the penal sum of $2,500,000 conditioned for payment to all persons supplying labor and material in the prosecution of the work provided for in said contract.

3. John T. Evanick & Company was a subcontractor on the job under the Frederick Raff Company which, in turn, was a subcontractor under the defendant, Merritt-Chapman & Scott Corporation.

4. The plaintiff, McGregor Architectural Iron Co., Inc. (hereafter referred to as "McGregor") entered into a con-

tract (hereafter referred to as the "bunker contract") under date of October 3, 1952, to furnish and erect a coal bunker for John T. Evanick & Company at a price of $24,850.

5. On the same date, the plaintiff, McGregor, entered into a second contract (hereafter referred to as the "Sauerman contract") with John T. Evanick & Company to erect a stiff-leg head post and three bridle posts similar to Sauerman drawings.

6. The labor to be performed or materials to be furnished or supplied under the plaintiff's contracts with John T. Evanick & Company were a part of the labor to be performed or the materials to be furnished or supplied under the contract of John T. Evanick & Company with the Frederick Raff Company.

7. Suit was instituted on December 9, 1955, against the prime contractor, Merritt-Chapman & Scott Corporation, and the sureties on the payment bond given under the Miller Act.

8. The plaintiff, McGregor, performed the last labor and furnished and supplied the last materials on the bunker contract around January 1, 1954.

9. The plaintiff, McGregor, performed the last labor and furnished and supplied the last materials on the Sauerman contract during the early part of 1954.

10. The attention of McGregor havgin been called to certain errors and omissions such as missing bolts, in the work performed under the bunker contract, had two ironworkers work one hour each on June 9, 1955, to correct these defects.

11. The attention of McGregor having been called to certain errors and omissions consisting of missing bolts and the failure to close some holes which had been burned into the posts for erection purposes, under the Sauerman contract, had two ironworkers work four hours each on June 20, 1955, to correct such defects.

12. The correction of errors in the work performed by McGregor and completed in early 1954 and which consisted in supplying some missing bolts and closing some holes in the head posts, which had been overlooked, was pursuant to an inspection made in 1955 followed by notice thereof and not part of the original performance of the contract.

13. On June 22, 1955, the plaintiff, McGregor, sent by registered mail to Merritt-Chapman & Scott Corporation a letter demanding payment of the balance then owing on the bunker contract with John T. Evanick & Company, and the Sauerman contract with John T. Evanick & Company.

14. No charge was shown to have been made by McGregor for the ten hours of labor on June 9 and 20, 1955, for the correction of defects.

15. Said notice of June 22, 1955, was not given within ninety days of the date on which the plaintiff, McGregor, performed its last labor or furnished or supplied its last materials under its contracts.

### Conclusions of Law

1. This is an action under the Miller Act, 40 U.S.C.A. §§ 270a and 270b.

2. The plaintiff, McGregor, did not comply with the provisions of the Miller Act with respect to notice.

3. The defendants are entitled to have judgment entered in their favor.

### Discussion

No findings have been made as to the amount unpaid since the determination with reference to notice under the Miller Act (40 U.S.C.A. § 270b) is dispositive of the issue. The work under the contracts was actually completed not later than the early part of 1954. In a companion action by John T. Evanick & Company the completion date was found to be September 19, 1954. The McGregor contracts were for performance of part of the Evanick contract and were therefore, as heretofore determined, completed prior to that date.

The Miller Act (40 U.S.C.A. § 270b) provides, inter alia:

"* * * That any person having direct contractual relationship with

a subcontractor but no contractual relationship express or implied with the contractor furnishing said payment bond shall have a right of action upon the said payment bond upon giving written notice to said contractor within ninety days from the date on which such person did or performed the last of the labor or furnished or supplied the last of the material for which such claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed. Such notice shall be served by mailing the same by registered mail, postage prepaid, in an envelope addressed to the contractor at any place he maintains an office or conducts his business, or his residence, or in any manner in which the United States marshal of the district in which the public improvement is situated is authorized by law to serve summons."

It is not disputed that a notice was sent by registered mail to the prime contractor on June 22, 1955, which complied with the requirement as to "stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed." However, under the Miller Act a subcontractor may not recover on the bond unless he delivers materials or performs labor called for by the terms of the prime contract and also serves the notice within ninety days after the date of such delivery or performance. If plaintiff could extend the time for notice by correcting a defect (in the instant case without charge), the time for such notice might remain in chaos and depend upon the discovery of defects in construction over a year or more after completion (as in the present instance). Plaintiff may not in this manner extend the time for the running of the ninety day period. This was clearly pointed out

in United States of America for Use and Benefit of J. A. Edwards & Co., Inc. v. Peter Reiss Const. Co., Inc. et al., D.C. E.D.N.Y., 174 F.Supp. 264, where all but $15.90 of goods out of a total of $10,766.27 were delivered on or prior to October 31, 1956, and then after a hiatus of four months came the last delivery on March 5, 1957, of a switch valued at $15.90 and notice given on April 5, 1957. The Court there held such notice was not timely.

In the present case McGregor had completed his work by January 1954, and it is most significant that a year and a half later two hours of labor were performed on June 9, 1955, and eight hours of labor on June 20, 1955, without charge, followed by a carefully worded formal notice on June 22, 1955. The requirement of the ninety days notice is to afford some protection to the prime contractor in making payments to the subcontractor and such attempts to extend the time cannot prevail.

Judgment will accordingly be entered in favor of the defendants.