The UNITED STATES of America, for the Use of Bernard J. WEITHMAN and Charles M. Weithman, a Partnership, dba Weithman Masonry and Construction, Plaintiff,

v.

The BUCKEYE UNION CASUALTY COMPANY, Defendant.

Civ. A. No. 37100.

United States District Court
N. D. Ohio, E. D.
July 24, 1962.

Robert L. Brown, Bucyrus, Ohio, for plaintiff.

Charles W. Kitchen, Cleveland, Ohio, for defendant.

GREEN, District Judge.

This case is before the Court on a Stipulation of Facts and briefs of the parties. The precise issue is whether this action under the Miller Act is barred by 40 U.S.C.A. § 270 b(b), which provides:

"Every suit instituted under this section shall be brought in the name of the United States for the use of the person suing * * * but no such suit shall be commenced after the expiration of one year after the day on which the last of the labor was performed or material was supplied *by him.*" (Emphasis added).

Bernard J. Weithman and Charles M. Weithman, dba Weithman Masonry and Construction, hereafter called plaintiffs, were subcontractors for Horace L. Lurie, Inc. Lurie had a contract with the United States for repair and alteration of the Post Office at Bucyrus, Ohio. Defendant wrote the bond, required under the Miller Act, for Lurie.

It is conceded that the last date on which labor was performed or material supplied by plaintiffs was April 28, 1960. This action was filed on July 31, 1961.

It is urged on behalf of plaintiffs that the one-year period as set forth in the limitation section of the Miller Act, should be computed from August 15, 1960. That date is arrived at by the following circumstances, reflected in Paragraphs 12 and 13 of the stipulation:

12) Defendant contends and Plaintiff denies that thereafter Horace L. Lurie found some of the caulking specified in Exhibit "B" to be improper; that Plaintiff was so advised by communication to Plaintiff through an employee on the job site and by a subsequent telephone communication with Mrs. Bernard J. Weithman.

13) Horace L. Lurie, Inc. then hired one Cleo Miller to repair said improper caulking, which was done by August 15, 1960. Cleo Miller then submitted bill for said work directly to Horace L. Lurie, Inc.

It is plaintiffs' contention that Lurie was obligated to make a demand that any improper work be repaired by the subcontractor rather than hire a third person to do so. Consequently, plaintiffs claim to be entitled to utilize the date upon which the third person completed his work, in determining the time from which the limitation period begins to run as against plaintiffs.

It is said in plaintiffs' brief that this failure to notify plaintiffs misled them into a change of legal position. This argument is hard to follow on the stipulated facts.

Although plaintiffs finished their work on April 28, 1960, and claimed they received no notice of any defect, payment was not received from Lurie until December 14, 1960. That check had deductions for the extra repair expenses Lurie claimed had been incurred, and had endorsed on its face "of all work & extra's at P. O.—Bucyrus, Ohio GS–05B–7629, *in full*". Following a period of correspondence, plaintiffs deposited the check on March 30, 1961. The check was re-

turned to plaintiffs by the bank as being too old. On May 18, 1961, Horace L. Lurie, Inc. filed bankruptcy, being Case No. 95381 in this Court, and was subsequently adjudicated.

As plaintiffs were aware that Lurie claimed the benefit of the alleged repair expense, and as the check was returned to plaintiffs by the bank before the expiration of one year from the date plaintiffs completed working, it is difficult to perceive how Lurie prejudiced plaintiffs' right to bring this action within one year.

Plaintiffs have cited no authority supporting the claim that the Miller Act limitation period should run from a date on which a third person did work in the nature of repairs on the same project which plaintiffs worked on.

 The Court is of the opinion that the language of the last two words of § 270b(b) *"by him"* refers back to "the person suing" as set forth in that section, and not to some other person. As plaintiffs are "the person suing" their right to sue expired on April 28, 1961.

Judgment for defendant.