# Richmond

## American Surety Company of New York v. L. T. Zoby, Trading as L. T. Zoby & Sons.

April 22, 1963.

Record No. 5565.

Present, All the Justices.

The opinion states the case.

· *Allan S. Reynolds* (*White, Ryan & Reynolds*, on brief), for the plaintiff in error.

*Frederick T. Stant, Jr.* (*Edwin J. Rafal; Parsons, Stant & Parsons*, on brief), for the defendant in error.

Eggleston, C. J., delivered the opinion of the court.

This is an action at law filed by L. T. Zoby, trading as L. T. Zoby

& Sons, against A & P Construction Company, Inc., American Surety Company of New York, and others, to recover the price for work done and materials furnished in the construction of a building by A & P Construction Company, Inc., as the general contractor, for Farmers Market, Inc. The plaintiff alleged that the general contractor, as principal, and American Surety Company, as surety, had executed a bond guaranteeing the payment of all claims for labor and materials furnished in the performance of the contract; that the plaintiff's claim of $14,979.37 for work done and materials furnished had not been paid; and that under the terms of the bond the plaintiff was entitled to recover this amount of the general contractor and the Surety Company.

A & P Construction Company, Inc., the general contractor, made no defense to the action and a default judgment was entered against it in favor of the plaintiff for the amount claimed. The Surety Company filed a general denial and a special plea, the latter denying the plaintiff's right to recover on the bond on the ground that he had failed to give to the general contractor or the Surety Company written notice within 90 days after he had performed the last work or furnished the last materials for which the claim was made, and that under the terms of the bond the giving of such notice was a condition precedent to the plaintiff's right of action thereon.

The plaintiff conceded that the giving of the required notice was a condition precedent to his right to sue on the bond. The principal issue before the lower court was whether the required notice had been given within the proper time. There was a trial by a jury which resulted in a verdict and judgment in favor of the plaintiff against the Surety Company for $12,879.37 with interest. We granted the Surety Company a writ of error.

The sole issue on this appeal is whether the evidence was sufficient to warrant the jury in finding that the plaintiff had given the Surety Company written notice of his claim within the time required by the provisions of the bond.

The main facts are not in dispute. On July 19, 1957, A & P Construction Company, Inc., as general contractor, entered into a contract with Farmers Market, Inc., to construct a building on the Virginia Beach boulevard, in the city of Norfolk, for the price of $232,313. Zoby, the plaintiff, as subcontractor, undertook to do the plumbing and heating work for the original price of $19,000, plus the cost of certain extra work and materials.

The general contractor, as principal, and American Surety Company of New York, as surety, executed a labor and material payment bond guaranteeing to "make payment to all claimants * * *, for all labor and material used or reasonably required for use in the performance of the contract, * * * ." The bond also carried these provisions:

"2. The above named Principal and Surety hereby jointly and severally agree with the Owner that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant in the name of the Owner, * * * for such sum or sums as may be justly due claimant, * * * .

"3. No suit or action shall be commenced hereunder by any claimant,

"(a)  Unless claimant shall have given written notice to any two of the following: The Principal, the Owner, or the Surety above named, within ninety (90) days after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the materials were furnished, or for whom the work or labor was done or performed. * * * "

Zoby began work under his contract in June or July, 1957. On February 26, 1958, he rendered the general contractor an invoice reading: "Farmers Market, Final billing—100% complete. Amount due, $14,979.37." However, the uncontradicted evidence is that at that time he had not completed his work in accordance with the terms of the contract, nor did he then insist upon the payment of the amount of the invoice.

Dr. Dudley Cooper, a representative of the owner of the building under construction, testified that while the building was substantially completed before May, 1958, there were a number of items included in Zoby's contract which had not been satisfactorily performed. Among these were two heaters which were not working properly and were not corrected until after the building had been occupied by the tenant. The cost of this correction and just when it was made are not shown in the record.

Cooper further testified that by the summer of 1958 serious defects had developed in the drainage system which Zoby had installed,

and that he demanded of the general contractor and Zoby that this situation be corrected. Despite the fact that Zoby's men worked on the project throughout the summer of 1958, they did not at that time succeed in fully correcting this trouble. Indeed, Cooper said, the trouble was not corrected "until November, 1961."

Zoby testified that the drainage system which he had installed was badly damaged during the construction of the work and that under the terms of his contract it was his obligation to correct the trouble. The trouble was so extensive that it required that the concrete flooring be broken and the drainage pipes renewed in a number of places. He corroborated Cooper's testimony that his (Zoby's) men, in the effort to correct this trouble, worked on the project throughout the summer of 1958 and through September 3 of that year, at a cost to him of over $10,000. He introduced in evidence a number of work sheets showing that his employees had worked on the project through the months of June, July and August and a part of September, 1958. The last item for work done, as shown on these work sheets, was on September 3, 1958.

On November 25, 1958, Zoby notified the general contractor, the Surety Company and the owner, in writing, that there was a balance due him of $14,979.37 for work done and materials furnished on the project and for which payment was demanded. No question has been raised as to the sufficiency of the form of this notice and the only issue is whether, under the related circumstances, it was given within the time required by the terms of the bond. The jury found that it was and the evidence supports that finding.

The defendant Surety Company contends that the required notice should have been given within 90 days of Zoby's invoice of February 26, 1958, in which he stated that his work was "100% complete," and that the time was not extended by his undertaking to correct defects in the work which he had already performed. In support of that contention the Surety Company cites *United States for the use of McGregor Architectural Iron Co.* v. *Merritt—Chapman & Scott Corp.*, D.C.Pa., 185 F. Supp. 381, and *United States for the use of J. A. Edwards & Co.* v. *Peter Reiss Construction Co.*, D.C.N.Y., 174 F. Supp. 264 (affirmed 273 F. 2d 880, 78 A. L. R. 2d 409).

We do not agree with that contention or that the holdings in these cases are applicable to the case before us. Both cases involve the application of the Miller Act (40 U.S.C.A., § 207b(a)) which requires a notice to the principal contractor by one who has furnished labor or materials on a federal-works project as a condition precedent

to a right of action on a bond guaranteeing the payment of the claims for such labor or materials.

In the *McGregor* case the claimant had performed the last labor and furnished the last materials in the early part of 1954. Eighteen months after the completion of the original contract he employed workmen for a total of ten hours to correct some minor defects which had been discovered. It was held that the time for giving the required statutory notice was not extended by this minor corrective work.

In the *Peter Reiss Construction Company* case invoices for materials on a project, totaling $10,766.27, were delivered between August 24 and October 31, 1956. The court found that the time for giving the required notice as to these items expired on January 29, 1957. Thereafter, on March 5, the plaintiff furnished additional material of the invoice value of $15.90. It was held that the time which had already expired for giving notice of the earlier invoices was not revived by furnishing these additional materials.

In *Mann* v. *Clowser*, 190 Va. 887, 901, 59 S. E. 2d 78, 84, we pointed out that " 'In building and construction contracts it is implied that the building shall be erected in a reasonably good and workmanlike manner * * * .' "

In the case before us, as has been said, the undisputed evidence is that at the time Zoby rendered the invoice to the general contractor, on February 26, 1958, his work had not been performed in a good and workmanlike manner. Certain heating blowers were not operating properly and serious damage had been done to the drainage system. While the cost of correcting the trouble with the blowers was not shown to be serious, the cost of correcting the damage to the drainage system was considerable and required work by Zoby's employees over a period of several months. Obviously, until this damage had been corrected and the drainage system put in proper working condition, Zoby had not "performed the last of the work * * * for which said claim is made" within the meaning of the provisions of the bond.

The purpose of paragraph "2", *supra*, of the bond was to afford the principal, the general contractor, 90 days "after the date on which the last of such claimant's work or labor was done" within which to pay such claim. Unless and until Zoby had put the drainage system in proper working condition he was not entitled to demand payment of his claim by the general contractor or the surety. Until this work had been done there was no occasion for Zoby to give them the required notice.

We hold that where, as here, a claimant does additional work in good faith, at the request of the owner and for the purpose of fully completing his contract according to its terms, the period required for giving the notice under the provisions of the bond runs from the time of the completion of such additional work.

Thus, there is ample evidence to support the jury's finding that the notice was given within the time required by the terms of the bond. Accordingly, the judgment is

*Affirmed.*