**UNITED STATES of America, for the Use and Benefit of PALMER ASPHALT COMPANY, Plaintiff,**

v.

**Lindsay A. DEBARDELABEN and Inez P. Debardelaben, Individually and t/a Guaranteed Waterproofing Company, and United States Fidelity and Guaranty Company, Defendants.**

Civ. A. No. CH–65–36.

United States District Court
D. South Carolina,
Florence Division.

Feb. 8, 1967.

Alton G. Murchison, III, of Levine & Goodman, Charlotte, N. C., for plaintiff.

C. Weston Houck, of Willcox, Hardee, Houck, Palmer & O'Farrell, Florence, S. C., for defendants.

HEMPHILL, District Judge.

Palmer Asphalt Company supplied 33 drums of aluminum coating valued at $2631.75 to the Guaranteed Waterproofing Company on March 24, 1964 for use in a construction project at Myrtle Beach Air Force Base, South Carolina. Guaranteed Waterproofing Company had contracted with the United States for the construction project and the Company had given a payment bond to the United States binding themselves to make prompt payment to all persons supplying labor and materials for the project under contract. The United States Fidelity & Guaranty Company was the surety on the bond.

It appears that before this contract was fully paid by the government, some difficulty arose and dissatisfaction with the application of some of the materials, and therefore the government held up payment to the Guaranteed Waterproofing Company. The Guaranteed Waterproofing Company notified Palmer Asphalt Company of the government's dissatisfaction. Palmer Asphalt Company, though not feeling that the dissatisfaction resulted from a defect in their materials; nevertheless, at the request of Guaranteed Waterproofing Company, sent three additional fifty-gallon drums of aluminum coating on December 24, 1964, at no additional cost. At the time of this shipment the Guaranteed Waterproofing Company stated that if the material was furnished and applied, it would be satisfactory, and the remaining portion of the contract price would be paid by the government to Guaranteed Waterproofing Company.

Subsequent thereto a petition in bankruptcy was filed by Lindsay A. Debardelaben and Inez P. Debardelaben, individually and t/a Guaranteed Waterproofing Company. A proof of claim was filed on behalf of the Palmer Asphalt Company in this bankruptcy.

When this claim was not paid, Palmer Asphalt Company requested payment from United States Fidelity and Guaranty Company, who was surety on the payment bond. The United States Fidelity and Guaranty Company advised Palmer Asphalt Company that their claim was barred by the Miller Act (United States Code, Title 40, Section 270b); and, on the basis of said act, denied the claim.

This action was then brought under the Miller Act, 40 U.S.C.A. Section 270 b(b), (Supp.1966) which provides:

Every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere, irrespective of the amount in controversy in such suit, but no such suit shall be commenced after the expiration of one year after the day on which the last of the labor was performed or material was supplied by him. The United States shall not be liable for the payment of any costs or expenses of any such suit.

The answer set up the one year limitation of the statute as a bar to the action. The case was submitted by a stipulation of fact and written briefs.

The issue is whether the action is timely and, therefore, tenable or whether it is barred by the limitation of the statute. The complaint was filed December 23, 1965. The plaintiff contends that the year began to run not from March 24, 1964, the date of the initial delivery of material but from December 24, 1964, the date of the second delivery of material.

Because of the dearth of decisions under Section 270b(b) both parties base their arguments on the rationale of cases

dealing with the 90 day notice provision of Section 270b(a).

The defendant submits that the case is controlled by those authorities which hold that a subsequent delivery of material or performance of services does not toll the time period if they are done to correct a defect in the original undertaking. United States for Use and Benefit of Austin v. Western Electric Co., 337 F.2d 568 (9th Cir. 1964); United States for Use of Weithman v. Buckeye Union Cas. Co., 207 F.Supp. 552 (N.D.Ohio 1962). United States to Use of John T. Evanick & Co. v. Merritt-Chapman & Scott Corp., 185 F.Supp. 587 (M.D.Pa.1960).

The plaintiff on the other hand relies on a line of authority submitted which holds that in a series of deliveries of materials which are to be used on the same project the last delivery does effectively toll the time so that the period runs from the date of the last delivery. Noland Co. v. Allied Contractors, Inc., 273 F.2d 917 and cases cited n. 1 (4th Cir. 1959). United States for Use and Benefit of P. A. Bourquin & Co., Inc. v. Chester Const. Co., Inc., 104 F.2d 648 (2nd Cir. 1939); United States to the Use of Engineering & Equipment Co. v. Wyatt, 174 F.Supp. 260 (D.C.Fla.1959). Cf. United States for Use and Benefit of Westinghouse Electric Supply Co. v. Endelbrock-White Co., 275 F.2d 57, 79 A. L.R.2d 836 (4th Cir. 1960); United States for Use and Benefit of Clark Concrete Const. Corp. v. James Stewart Co., 195 F.Supp. 715 (D.C.Idaho 1961).

■ The test framed by the Ninth Circuit in United States for Use and Benefit of Austin v. Western Electric Co., 337 F.2d 568 (9th Cir. 1964) is:

> Whether the work was performed and the material supplied as a "part of the original contract," or for the "purpose of correcting defects, or making repairs following inspection of the project."

After a consideration of these arguments based on principles of law which have been applied to problems similar to the one at hand, the court is of the opinion that the suit here is timely. That portion of the statute which states that "suit shall be commenced after the expiration of one year after the day on which the last of the labor was performed or material was supplied" is a simple statement of the proviso. The case fairly falls within its ambit and fulfills the condition.

■ A valid basis for distinction between this case and those cited by the defendant is that Palmer Asphalt Company did not deliver the three extra barrels to correct a defect in its own initial performance. The stipulation states that the difficulty and dissatisfaction with the job was with "the application of some of the materials," and not dissatisfaction with the materials. The stipulation continues that Palmer sent the three additional drums at the request of the defendant Guaranteed Waterproofing Company and this was done upon the assurance that if the material was furnished and applied the remaining portion of the contract price would be paid by the government to Guaranteed Waterproofing Company. At the time the extra three barrels were sent in December of 1964 there had passed only nine months since the first delivery. Palmer Asphalt could have brought suit at that time without question. They did not. The delivery of the three drums was done without additional compensation in order that they could be assured that they had satisfactorily performed the original contract. This was effectively the day the "last * * * material was supplied." Compare, United States for Use and Benefit of J. A. Edwards & Co. v. Peter Reiss Const. Co., 273 F.2d 880, 78 A.L.R.2d 409 (2nd Cir. 1959) cert. denied 362 U.S. 951, 80 S.Ct. 864, 4 L.Ed.2d 869, where the court stated that a notice given within ninety days of the last order or delivery under a series of purchase orders might relate back to include the entire claim if the deliveries were such that each was within ninety days of its predecessor, noting that under such circumstances a notice has been held valid as to all deliveries.

In view of the fact that Palmer Asphalt was without fault in performance and being mindful that "the Miller Act is highly remedial in character and is entitled to a liberal construction and application in order properly to effectuate the Congressional intent to protect those who furnish labor or materials," e. g., United States for Use and Benefit of Westinghouse Electric Supply Co., v. Endelbrock-White Co., 275 F.2d 57, 79 A.L.R.2d 836 (4th Cir. 1960), the court is of the opinion that the relief prayed for should be granted.

Let the Clerk enter judgment accordingly.

And it is so ordered.