**TRINITY UNIVERSAL INSURANCE COMPANY, Appellant,**

v.

**Charles L. GIRDNER, d/b/a Girdner Electric & Refrigeration Service, Appellee.**

No. 24149.

United States Court of Appeals Fifth Circuit.

June 16, 1967.

Rehearing Denied July 11, 1967.

**318**

J. Mack Ausburn, San Antonio, Tex., for appellant.

James Little, Big Spring, Tex., for appellee.

Before RIVES, WISDOM, and GOLD-BERG, Circuit Judges.

PER CURIAM:

The Miller Act statute of limitations provides that no subcontractor may commence suit against the Miller Act surety "after the expiration of one year after the day on which the last of the labor was performed or material was supplied by him." 40 U.S.C. § 270b(b).

In this case the only work done by the subcontractor within the year before the commencement of suit was to replace some defective pipe insulation which he had previously installed and to replace a seal in an air conditioning unit. The subcontractor performed these operations on the demand of the government inspector, who refused to approve the original work.

■■ We have studied the language of the statute, the legislative history of its 1959 amendment,[1] and the cases.[2] Particularly in view of the liberal construction which must be given the Miller Act,[3] we are convinced that the "last labor or materials" language is broad enough to include work performed upon the demand of the government to correct defects in the work as originally completed. There is no contention that this work was a sham to extend the period of limitation.

We affirm the judgment of the district court.

[1] See 1959 U.S.Code Cong. & Admin.News 1995–2000. The primary purpose of the 1959 amendment was to relieve the Comptroller General of the administrative burden of fixing a "date of final settlement". The Comptroller General, however, in his letter to Congress proposing the amendment noted that a subsidiary purpose of the amendment was to extend the Act's protection to persons correcting defects after the final settlement of the contract:

"It sometimes happens, also, that a supplier will be called upon to furnish labor or materials after 'final settlement,' or even after the limitation has run, in connection with the correction of deficiencies after substantial completion and acceptance of the contract work and 'final settlement' (based upon withholding the value of the deficiencies). Under the proposed amendment, such suppliers will not have lost most or all of the protection intended by the Miller Act but will receive full protection for 1 year after furnishing labor or material."

[2] Compare United States ex rel. General Elec. Co. v. Gunnar I. Johnson & Son, 8 Cir. 1962, 310 F.2d 899, and United States, for Use and Benefit of Austin v. Western Elec. Co., 9 Cir. 1964, 337 F.2d 568, with United States, for Use & Benefit of Circle-L-Electric Co. v. Hyde Constr. Co., N.D.Okl.1966, 255 F.Supp. 335, and United States for Use of Mc-Gregor Architectural Iron Co. v. Merritt-Chapman & Scott Corp., M.D.Pa.1960, 185 F.Supp. 381.

[3] See Illinois Surety Co. v. John Davis Co., 1917, 244 U.S. 376, 37 S.Ct. 614, 61 L.Ed. 1206.