**UNITED STATES of America for the Use and Benefit of FLOATING FLOORS, INC., a corporation, Appellant,**

**v.**

**FEDERAL INSURANCE COMPANY, a corporation, Appellee.**

**No. 21253.**

United States Court of Appeals Ninth Circuit.

July 19, 1967.

Rehearing Denied Sept. 12, 1967.

Michael M. Weekes, Dillavou & Cox, Los Angeles, Cal., for appellant.

David Leanse, Simon & Leanse, Los Angeles, Cal., for appellee.

Before BROWNING and ELY, Circuit Judges, and SMITH,* District Judge.

---

* Russell E. Smith, United States District Judge, District of Montana, sitting by designation.

RUSSELL E. SMITH, District Judge:

This case involves a notice problem under the Miller Act.[1] The notice given in this case was not timely unless the time was extended by the furnishing of some replacement panels. We hold that the time was not extended, that there was not any material issue of fact, and we affirm the action of the trial court in granting a motion for summary judgment.

The United States contracted with Murray J. Schiff Construction Co. (Schiff) to do a job involving the use of floor panels. Schiff sublet to L. D. Reeder Co. (Reeder) which purchased the panels from Floating Floors, Inc. (use plaintiff), which, in turn, purchased them from Commercial Steel Company (Commercial), the manufacturer. Defendant furnished the Miller Act bond for Schiff. Reeder did not pay use plaintiff for the panels which were used in the job and it now seeks judgment against the defendant.

After the Miller Act notice time had expired, the United States notified Schiff that some of the panels had failed. Schiff called the use plaintiff and advised it of the failure. There is some conflict as to the substance of the conversation but this much is clear: Use plaintiff did not deliver the replacement panels to Schiff; it did not pay for them; it did not promise that it would deliver them. It did call Commercial, the manufacturer, and did furnish Commercial with a detailed list of the panels which had failed. Commercial did manufacture the panels and at Schiff's request did ship them to Schiff C.O.D. Schiff paid Commercial for the panels.

There is a suggestion in the evidence that perhaps the panels were manufactured by Commercial at use plaintiff's request and held for the use plaintiff's account.[2] We treat the case as if this were so, thus giving use plaintiff the benefit of every inference which the record would possibly support.

At the time of the conversations between Schiff and use plaintiff and use plaintiff and Commercial, the Miller Act notice time had expired and neither Schiff nor the defendant were in any way obligated to the use plaintiff. Schiff, having had no contractual relationships with use plaintiff, was obligated to use plaintiff neither to remedy defects in the panels nor to seek it out to complete the contract if the panels as installed rendered the performance of the contract incomplete.[3]

The plaintiff's act of having panels manufactured for its account standing alone and in the absence of any act of delivering the panels to the job site, paying for them, or assuming some responsibility to Schiff to deliver or pay for them does not constitute a furnishing or supplying and the notice time was not extended.

The judgment is affirmed.

---

1. 40 U.S.C. § 270b(a).

2. "Mr. Beere, [an officer of use plaintiff] stated that he would have to get more information about the status of the project in order to determine just how we could handle the problem and therefore to hold the new panels until we at Commercial Steel heard from him at Floating Floors. We thereupon proceeded to manufacture the panels according to a list of them which Mr. Beere dictated to me over the telephone."

(The foregoing is from the affidavit of Robert S. Jendrek, Vice President of Commercial.)

3. United States for Use of Weithman v. Buckeye Union Casualty Company, N.D. Ohio 1962, 207 F.Supp. 552. If it were otherwise, a use plaintiff by leaving a few defects behind him might extend the Miller Act notice time indefinitely.