### E. O. BARNETT BROTHERS *v.* BROWN.

### Opinion delivered November 24, 1919.

1. SALES—HORSE—WARRANTY OF TITLE—USABLE VALUE.—Appellant sold a horse to appellee with a warranty of title. Appellant had no title to the horse and the same was taken from appellee. *Held*, appellee could not be charged with the use of the horse for the time it was in his possession.

2. SAME—SAME—PAYMENTS.—Appellee could recover back payments made to appellant with interest thereon from the date the horse was taken from him.

Appeal from Hot Spring Circuit Court; *John C. Ross*, Judge; affirmed.

*Oscar Barnett,* for appellant.

The court erred in overruling the demurrer to the complaint. 50 Ark. 300. Appellant had the right to take the mare from Porter because he owed and would not pay. Appellant paid Porter $163 for use of the mare when she was rightfully ours. Mose Brown paid us $125 for the mare, and while he had her she was good and serviceable and if we should pay him back $125, Brown should

pay for the mare's use, as he was well advised of the conditions and received good service from her. The money paid was voluntarily paid by appellee to pay the purchase price after appellee was notified of the litigation. Money thus paid voluntarily can not be recovered back and falls within. 46 Ark. 217; 49 *Id*. 70; 102 *Id*. 152. One who purchases property in suit with notice of the litigation does so at his peril and must abide the result. 50 Ark. 300; 72 *Id*. 552; 86 *Id*. 175.

*Andrew I. Rowland,* for appellee.

1. No motion for new trial was filed and no bill of exceptions was ever filed and there was error in the record proper. Kirby's Digest, sec. 1233; 68 Ark. 75; 27 *Id*. 506; 27 *Id*. 549; 211 S. W. 140; 93 *Id*. 382.

2. There were no exceptions saved to the court's conclusions of law on the findings of facts preserved in the record and the findings and conclusions can not be reversed here. 60 Ark. 258; 70 *Id*. 420. One who sells personal property in his possession is held in law to warrant the title thereto and is liable for a breach. The findings of the court are as conclusive as the verdict of a jury, and the court's declarations of law are correct. 24 Ark. 222; 2 Sutherland on Damages (9 Ed.), § 774. There was a breach of title when appellee was deprived of the possession of the mare after this court had decided that appellants had no title. 97 Ark. 512; 35 Cyc. 416 and cases cited.

SMITH, J. Appellee, Mose Brown, sued the appellants, E. O. Barnett Bros., to recover the sum of $125, the purchase price of a horse bought by him from them, with interest from June 17, 1918, the date upon which the horse was taken from appellee's possession, alleging a breach of the warranty of title.

This cause was heard in the court below on an agreed statement of facts and in the judgment of the court there was incorporated a summary of these facts with accompanying declarations of law applicable thereto. From that judgment we copy the findings which there appear:

"The court makes the following findings herein:

"*First.* That at the time of the sale of the mare by defendants to the plaintiff here the defendants, E. O. Barnett Bros., had no title to the mare.

"*Second.* That at the time of the sale the plaintiff, Mose Brown, did not know of any litigation about the mare.

"*Third.* That at the time of the payments to the defendants by the plaintiff here for the mare the plaintiff, Mose Brown, was relying on the advice and instructions of his attorney, Oscar Barnett, of the firm sued here, that the title to the mare was in the defendants, Barnett Bros.

"*Fourth.* That at the time of the payments as above the plaintiff, Mose Brown, did not know, and could not know, that the title would be adjudged to be in Joe Porter, for the reason that the payments were made in October and November, 1917, and that the Supreme Court did not finally adjudicate the case until May 6, 1918.

"*Fifth.* That there was a breach of warranty in the sale of the mare by the defendants to the plaintiff."

These findings—which the agreed statement of facts appears to warrant—leaves but little for us to decide.

There was an implied warranty of the title; and that title failed.

Appellants say, however, that the horse had a usable value to appellee, which should have been assessed and credited upon the purchase price, and that this is especially true inasmuch as the usable value of the horse was assessed by the court and jury in litigation between appellants and Porter. But appellee here was not a party to that litigation, and his rights were not affected by it. It is true that appellee had the use of the mare from the time he purchased her until she was taken away from him at the conclusion of the Barnett and Porter litigation, and that this use had a money value, and that the court below refused to assess it and credit on the purchase price. But no error was committed in that respect.

In 35 Cyc. at p. 612, in the article on Sales, the law is announced as follows: "Where the goods have been delivered to and used by the buyer, who subsequently rescinds the sale and sues to recover the purchase price, it has been held that there should be no allowance to defendant for the value of such use or to plaintiff for the interest on his money, but that the one should offset the other."

The reason for the rule stated which is given in the cases cited in the note to the text is that the seller cannot, through the failure of the title, which he has impliedly warranted, change the attitude of the purchaser to that of a mere hirer.

It is also asserted that the payments of purchase money were voluntarily made and cannot, therefore, be recovered. But they were made, not only under an implied warranty of title, but under the assurance of a title which the Barnetts were vigorously asserting in litigation which they finally prosecuted to this court. These payments were made before the final termination of the litigation between the Barnetts and Porter and before the mare had been taken from appellee's possession and at a time when, according to the finding of the court below, appellee was relying upon the assurance of one of the appellants that the title was good notwithstanding the litigation.

The court below rendered judgment for the puchase price of the horse, with interest thereon, from the day she was taken out of appellee's possession, which judgment was correct and is, therefore, affirmed.