UNITED STATES, for Use and Benefit of P. A. BOURQUIN & CO., Inc., et al. v.

CHESTER CONST. CO., Inc., et al.
No. 347.

Circuit Court of Appeals, Second Circuit.
June 12, 1939.

M. Carl Levine and Morgulas & Foreman, all of New York City (Albert Foreman, of New York City, of counsel), for appellants.

Meyer F. Wiles, of New York City, (Murray L. Halpern, of New York City, of counsel), for appellees.

Before SWAN, CHASE, and PATTERSON, Circuit Judges.

SWAN, Circuit Judge.

This is an action by the United States for the use of P. A. Bourquin Co. and New & Used Equipment Corp., respectively, upon a general contractor's bond posted pursuant to the Miller Act, 49 Stat. 793, 40 U.S.C.A. § 270a et seq. The general contractor, Chester Construction Co., Inc., contracted with the United States to construct a postoffice building at Spring Valley, N. Y. The work of lathing and plastering was sublet to Sherman Plastering Co., Inc., and the latter in turn sublet to the Bourquin company the furnishing of labor and materials for the lathing. From the Equipment corporation the Sherman company rented plaster planks and scaffolding planks which were used in the prosecution of the work but were not incorporated into the building. After completion of the postoffice there was remaining due and owing by the Sherman company an unpaid balance of $419 under the Bourquin subcontract and to the Equipment corporation unpaid rental of $52.60. To recover these sums the present action was brought. It was tried to the court and a jury of one and resulted in a directed verdict in favor of the use plaintiffs.

Section 2(a) of the Miller Act, 40 U. S.C.A. § 270b (a), provides that any person having direct contractual relationship with a subcontractor but no direct contractual relationship with the general contractor shall have a right of action upon the latter's bond upon giving a written notice "within ninety days from the date on which such person did or performed the last of the labor or furnished or supplied the last of the material for which such claim is made." With respect to the Bourquin claim the dispute is whether the notice given to the general contractor was timely. The notice was given May 7, 1937. If the ninety day period started to run on January 28th as the appellants contend, the notice was too late; but if the date on which the

Bourquin company did its last labor or furnished the last of its material was proven to be in April, as it asserts, the notice was in time. Both sides having moved for a directed verdict and the trial judge having granted Bourquin's motion, the only question is whether there is evidence to support a verdict in its favor.

Bourquin's men left the job on January 28th, having completed all the work required by its subcontract except the furring and lathing for a cornice in the letter box lobby. No detail plan for such cornice construction was furnished until about the middle of April. There is testimony that when Bourquin's men were withdrawn on January 28th, materials were left for the purpose of finishing the cornice and that such materials went into the cornice when it was constructed. The labor of constructing it was done by Fitzgerald, who was employed by the Sherman company as an accommodation to Bourquin under an arrangement that Fitzgerald's wages, amounting to only $14.50, should be charged back to Bourquin. This charge never appeared on the latter's ledger sheets except by a penciled notation; but the bookkeeper explained that it was her practice not to deduct such a back-charge until final payment was made. The foregoing evidence is sufficient to support a finding that in April Bourquin, through Fitzgerald, "performed the last of the labor" for which its claim was made. We need not determine whether, if it had not performed such labor, the date on which it "furnished or supplied the last of the material" should be deemed the date when the material was left on the premises or the date when it was incorporated into the building.

With respect to the Equipment corporation's claim the question in dispute is whether a claim for rental of equipment is covered by the Miller Act. Under bonds given pursuant to the antecedent statute, 33 Stat. 811, 40 U.S.C.A. § 270, the lessor of equipment used in prosecuting the work has been held to have a cause of action. Illinois Surety Co. v. John Davis Co., 244 U.S. 376, 37 S.Ct. 614, 61 L.Ed. 1206; Taylor v. Connett, 4 Cir., 277 F. 945; Holloway & Dupont Dredging Co. v. Des Rocher & Watkins Towing Co., 5 Cir., 57 F.2d 864. The Miller Act should be similarly construed.

Judgment affirmed.