## UNITED STATES for Use and Benefit of JEAGER MACHINE CO. v. S. BIRCH & SONS CONST. CO. et al.

### No. 162.

District Court, D. Montana.

June 18, 1941.

M. J. Lamb, of Billings, Mont., and H. M. Gullickson, of Helena, Mont., for plaintiff.

Cooper, Stephenson & Glover, of Great Falls, Mont., for defendants.

PRAY, District Judge.

The defendants filed a motion to dismiss the above entitled action for the reason that the amended complaint fails to state a claim against them, or either of them, upon which relief can be granted. The motion came on regularly for hearing on briefs submitted by counsel for the respective parties.

Counsel contend there can be no recovery against the Surety Company unless within the express terms of the bond, and that if no recovery can be had against the Surety Company, then plaintiff can not maintain an action of this type against the other defendant.

This action was brought pursuant to Sec. 270b of title 40 U.S.C.A. Evidently the first question to be decided is, can this action be maintained against the Surety Company. The facts briefly are that the defendant contractor purchased the equipment in question, made some use of it on his road contract and then returned it to the seller, the plaintiff herein, without paying the purchase price previously agreed upon. Plaintiff seeks to recover the rental value of the use made of the equipment and necessary expense of transportation.

The law seems to be quite clear that if it can be proven that the parties agreed upon a rental of the equipment then plaintiff can recover on the payment bond, but where there is an outright sale to the contractor as in this case no recovery can be had on the bond for the purchase price under this statute. United States v. Hercules Co., D.C., 52 F.2d 454; United States v. McCay, D.C., 28 F.2d 777; United States v. Fidelity & Deposit Co. of Maryland, D.C., 4 F. Supp. 211. Counsel state that the machine was not of the type that could be, or was, consumed upon the works, and it was later returned to plaintiff. There was no agreement for rental; the equipment was sold to the contractor and the purchase price was due upon delivery, but it was not paid. Should plaintiff have had recourse to Sections 8676 and 8677, R.C.Montana for its remedy. Could the plaintiff make a new contract. Could he change from one of sale to one for leasing the equipment. Counsel cited Barnett Bros. v. Brown, 140 Ark. 636, 216 S.W. 1038, for the answer, in which it appears that the attitude of the purchaser can not be changed to that of mere hirer. Is the claim plaintiff designates "rental", really a claim for damages for breach of contract. It has been held: "in order that the agreed rental shall be binding on the surety, it must be really a fair and actual rent." Massachusetts Bonding & Ins. Co. v. United States, 5 Cir., 88 F.2d 388, 390.

The above section, 270b, gives the plaintiff the right to sue "on such payment bond for the amount, or the balance thereof",

and if recovery can not be had on the bond for the reasons indicated, then there appears to be no authority whatever for the prosecution of the action against the other defendant. In the authorities cited by plaintiff the equipment was rented for the specific purpose of performing the work at hand and not for use generally, and could not have been successfully prosecuted without the use of the equipment. Holloway & Dupont Dredging Co. v. Des Rocher & Watkins Towing Co., 5 Cir, 57 F.2d 864; United States for Use of and Benefit of P. A. Bourquin & Co. v. Chester Const. Co., 2 Cir., 104 F.2d 648.

This was a contract of purchase, and there was never any agreement to rent the equipment; whatever use was made of it was as the owner thereof under this contract, and the action is in reality one for damages for breach of contract, and does not appear to be maintainable under Section 270b.

Wherefore the court being duly advised and good cause appearing therefor, the motions to dismiss as to both defendants are hereby granted.