■ EXTRUDED LOUVER CORPORATION, Respondent, v. GERALD McNULTY, JR., Doing Business as McNULTY BROTHERS, Defendant, and JOHN T. BRADY & COMPANY, INC., et al., Appellants.— In an action by a corporation which supplied materials to a subcontractor on a public building project, to recover upon a general contractor's labor and material payment bond, defendant John T. Brady & Company, Inc., the general contractor, and defendant Fidelity and Deposit Company of Maryland, the surety, appeal, as limited by their briefs, from so much of a judgment of the Supreme Court, Nassau County, entered March 1, 1962 upon the decision and opinion of the court (see 34 Misc 2d 566), after a nonjury trial, as is in favor of the plaintiff and against them. Judgment, insofar as appealed from, reversed on the law and the facts, with costs; action severed as to the nonappealing defendant McNulty; and complaint dismissed on the law as to the defendant Brady Corporation and the defendant Fidelity and Deposit Company. Findings of fact which may be inconsistent herewith are reversed, and new findings are made as indicated herein. Between plaintiff and the general contractor (the defendant Brady Corporation) there was no privity. Plaintiff sold materials to a subcontractor (defendant McNulty). Under the bond, a claimant in plaintiff's category had no right to sue, unless, within 90 days after the accrual of his claim, he had given written notice thereof to the general contractor, to the surety, and to the owner. Notice, as so required by the bond, was not given by plaintiff. The defendant general contractor and the defendant surety here should not have been held to be barred upon any theory of estoppel or waiver from asserting the defense of plaintiff's default in giving due notice (*United States* v. *Fraser Constr. Co.,* 87 F. Supp. 1). There was no evidence of any change of position by plaintiff as the result of any act done, or representation made, by said defendants, because the first communication between the parties, consisting of the claimed notice, occurred more than 90 days after all but an insignificant portion of the subject material had been delivered. Under these circumstances, there was no estoppel (*Wills* v. *Investors Bankstocks Corp.,* 257 N. Y. 451). The above-mentioned insignificant delivery was invoiced after the claimed notice, and was not the subject of any claimed notice. There was no waiver since the record does not support any finding of deception or intent to deceive (*Lord Constr. Co.* v. *Edison Portland Cement Co.,* 234 N. Y. 411); nor was there evidence of word, deed, or silence, inconsistent with said defendants' rejection of the claim (cf. *Trippe* v. *Provident Fund Soc.,* 140 N. Y. 23); nor was there evidence to warrant a finding of intent to waive, without which there may be no finding of waiver (*Davison* v.

*Klaess,* 280 N. Y. 252). The State Finance Law (§ 137), relied upon by the learned trial court, is not applicable to the facts. The bond here was a contract requirement of the County of Nassau, and interpretation of its terms is not controlled by the provisions of the statute. In our opinion, this disposition is not in conflict with the sound equitable principles expressed in the decision of the trial court. Suppliers of labor and material to building projects should be protected from loss wherever possible; but it would be manifestly unjust to afford such protection by requiring a general contractor, who had already paid his subcontractor, to pay again to the subcontractor's supplier who had neglected to furnish to the general contractor the required notice which would have afforded the general contractor the opportunity to withhold funds for the purpose of satisfying the supplier's claim. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.