John P. Cohalan, Jr., J.
This action was originally instituted by Triangle Erectors, Inc. to foreclose a mechanics’ lien and for payment of the amount of the lien. The claims of plaintiff Triangle and all of the materialmen and subcontractors were disposed of by settlement prior to or upon the trial, except for the claims of the defendants, Minneapolis-Honeywell Regulator Company, John J. Nesbitt, Inc. and I. Burack, Inc. Disposition of the claims of the said defendants are the subject of this determination.
The principal issue presented is whether written notice was given pursuant to the provision of the payment bond issued by the defendant, Continental Casualty Company, as a condition precedent to the institution of the action. The proof shows that defendant, James King & Son, Inc., hereinafter referred to as King, on February 26,1960 entered into a contract with defendant, Huntington Hospital Association for additions and alterations to the Huntington Hospital Project, N. Y. S. 190. The contract price was $1,782,331. Substantial funds for this improvement were provided by a Federal agency which required the hospital to obtain a surety company payment bond from the contractor for the payment of materials and labor supplied to the job. The bond in the full amount of the contract is dated July 16, 1960, Bond No. 2,203,458, and was issued by the Con *14 tinental Casualty Company to James King & Son, Inc. as principal and Huntington Hospital Association, Huntington, New York, as obligee. The bond provides in substance that if the principal King promptly makes payment to all claimants for labor and material used or reasonably required for use in the performance of the contract, then the obligation shall be void. Otherwise it is provided in the bond that the same shall remain in full force and effect, subject to specific conditions.
The bond does not include the payment of any costs or expenses of any suit, but does specify that claims for labor and material used in the performance of the contract and which have not been paid for a period of 90 days may be the subject of suit.
The bond then specifies: “no suit or action shall be commenced hereunder by any claimant:
“ (a) Unless claimant shall have given written notice to any two of the following: The Principal, the Owner, or the Surety above named, within ninety (90) days after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the materials were furnished, or for whom the work or labor was done or performed. Such notice shall be served by mailing the same by registered mail, postage prepaid, in an envelope addressed to the Principal, Owner or Surety, at any place where an office is regularly maintained for the transaction of business, or served in any manner in which legal process may be served in the state in which the aforesaid project is located, save that such service need not be made by a public officer.
“ (b) After the expiration of one (1) year following the date on which principal ceased work on said Contract.”
The claims of defendants, Minneapolis-Honeywell Regulator Company, referred to as Minneapolis, John J. Nesbitt, Inc., referred to as Nesbitt and I. Burack, Inc., referred to as Burack, arise from the following circumstances:
King entered into a subcontract with the defendant Taggart Corporation, hereinafter referred to as Taggart, for the heating, ventilating and air conditioning portion of the work for the hospital. Taggart was to be paid $193,400 for the work and material. Taggart in turn purchased and caused to be delivered to the job materials and labor from the defendants, Minneapolis, Nesbitt and Burack. It is undisputed that all of these items were necessary to complete Taggart’s contract with King. Sometime in March of 1961 the defendant Taggart filed a voluntary petition under chapter 11 of the Bankruptcy Act (U. S. *15 Code, tit. 11, § 701 et seq.) and defaulted in the performance of its contract with King. The general contractor King thereupon contracted with another for the completion of the Taggart part of the job and agreed to pay upon a cost plus basis therefor.
The record evidences the fact that the Taggart job was completed and the new subcontractor was paid approximately $53,000 for labor and materials to complete the job. The hospital owed to King in all in May of 1961 approximately $138,500, plus retained funds of $59,000. When Taggart defaulted the defendants, Minneapolis, Nesbitt and Burack, along with other materialmen and subcontractors sought payment for the money owing to them for labor and materials supplied to the job. Defendant Minneapolis supplied work and material referred to as a pneumatic system of automatic temperature control, in the sum of $18,850. The last date upon which Minneapolis supplied any material for the job was March 2, 1961 and the last date it supplied work to the job was April 25, 1961. In April of 1961 there was $8,061.90 and interest owing to Minneapolis for labor and materials supplied by it to the job. The mechanics5 lien was filed in the Suffolk County Clerk’s office on May 12, 1961 and was served and received by general contractor King and hospital owner on May 16, 1961. Written requests for payment were made by Minneapolis to the Continental Casualty Company upon the bond in December, 1961. No payments were made. There is owing to Minneapolis a balance of $8,061.90 with interest from April 21, 1961. The lien of Minneapolis was discharged upon the filing of an undertaking pursuant to an order of this court dated December 6,1961 and which undertaking also included the lien of defendant Burack.
Defendant Nesbitt furnished ventilators in connection therewith and delivered the same to the job on or before December 21, 1960. Nesbitt billed Taggart for that item as of December 21, 1960. However, thereafter upon the written request of Taggart’s employee, Nesbitt delivered additional material to the job, to wit, one carton of felt pads to be used with the ventilators. These were delivered on January 19, 1961. The notice of lien, verified April 20, 1961, says that the last work and the last materials furnished to the job was December 21,1960. No additional sums were billed to the job by Nesbitt after the date of December 21, 1960 and the pads were noted as “no charge.55 There is ample proof to establish the delivery to the job of the felt pads on January 19, 1961 by Nesbitt at the request of the subcontractor, Taggart. There is no evidence to support a conclusion that such delivery of material by Nesbitt was merely intended to extend the time within which Nesbitt could give *16 notice of its claim. Nesbitt did not know in January, 1961 that Taggart was involved financially and could not complete its contract with King. No question about payment was presented until April, 1961.
The proof does support the claim of the defendant Nesbitt that the last delivery of materials made by it to the job was on January 19, 1961. The record also shows that there is owing to Nesbitt for work and materials supplied to the job the sum of $5,207 with interest and that no part thereof has been paid.
Defendant Burack furnished pipes, valves and miscellaneous material to the job and the last of the items so furnished were delivered on January 18, 1961. The materials so delivered are of a value of $1,276.53 and no part thereof has been paid and such claim is owing with interest.
Upon the issue of the notice of claim or claims given by the defendants Minneapolis, Nesbitt and Burack, in addition to the proofs set forth, the record also shows the following:
The general contractor, the Surety Company and the hospital owner stipulated with the defendant Minneapolis that Minneapolis furnished the last materials to the job on March 28, 1961 and that there was $8,061.90 owing to Minneapolis. It was further stipulated that the notice of lien on behalf of Minneapolis was filed on May 12, 1961 and that the general contractor King and the hospital owner received the notice of lien on May 17, 1961. There is also the letter to King of April 13, 1961 and subsequent thereto the letter to the Continental Casualty Company, dated January 5, 1962. The last item was within 90 days that Minneapolis made delivery of merchandise to the substitute subcontractor, Zinman, Inc. The evidence warrants a finding that sufficient written notice was given within 90 days of furnishing the last work and material by the claimant Minneapolis.
As to the claimant Nesbitt, on January 17, 1961 it shipped to the job felt pads to be used with the ventilators. The billing was marked ‘ ‘ no charge, included in price of units or prior billing. ’ ’ The delivery tickets of the merchandise were identified and evidence the fact that the merchandise was delivered to the job on January 19, 1961. Nesbitt notified the hospital and the architects on the job on April 11, 1961 of its claim. Nesbitt’s verified lien was filed on April 20, 1961. Prior thereto, however, certified mail was sent to the general contractor, the owner and to the architects, specifying the claim of Nesbitt. The notice of lien verified April 20, 1961 was also served on King, the hospital and Taggart. In addition to the notices specified, *17 letters were sent to the general contractor on May 2, 1961 and on May 23, 1961. There is sufficient evidence to warrant a finding that Nesbitt notified the general contractor, the subcontractor, the hospital owner and the architects upon the job within 90 days after the last of its material was delivered to the job and that such material was necessary for the completion of the contract. The evidence also supports the finding that $5,207 is owing to the defendant Nesbitt as of January 19, 1961.
As to the claim of the defendant Burack, there is evidence to support a finding that between October 31, 1960 and January 18,1961 it furnished miscellaneous metal materials, pipes, valves and fittings for the job in the sum of $1,276.53 at the request of subcontractor Taggart. Further, that Burack filed a notice of mechanics’ lien with the County Clerk of Suffolk County on April 24,1961 and that the contractor, the hospital and Taggart were served with notice of the lien on April 27, 1961. No prior written notice was given to anyone connected with the job. The evidence also indicates that Burack endeavored to obtain information which would assist it in making its claim for filing the lien prior to April 24, 1961. Burack also sent letters to King, the hospital, Continental and Taggart in July of 1961. Accordingly, there is nothing in the record to support any written notice to anyone connected with the job on the part of Burack within the 90-day period specified in the payment bond.
Upon the default by Taggart of its obligations under the contract, the general contractor engaged the services of another contractor, Zinman. This necessitated the expenditure of moneys in excess of the total amount agreed to be paid to Taggart and left the claims of Minneapolis, Nesbitt and Burack unpaid. A judgment of foreclosure of the liens against the property is not warranted since the owner has made payment of its obligations under the contract. However, claimants are entitled to look for payment of their claims to defendant Continental under the terms of its payment bond, provided they have complied with the terms of such payment bond.
Although references are contained in the briefs to the Miller Act, a Federal statute (U. S. Code, tit. 40, ch. 3, §§ 270a, 270b), the provisions of that act would not appear to apply to the instant action. That act concerns bonds wherein the United States of America is the principal and actions in which the United States Government is a party to the action. That situation does not obtain in the instant ease. (See United States v. Maguire Homes, 186 F. Supp. 659.) The purpose of the payment bond is to give assurance to contractors and materialmen *18 that they will be paid for the work and materials they supply to a job.
See Jensen, Mechanics’ Lien Law (4th ed.), page 498: “ The rule of construction generally applied is that of liberality in favor of those for whose protection the bond was written (Hydrotherm, Inc. v. Insurance Corp. of North America [31 Misc 2d 534]; Maryland Cas. Co. v. Fowler, 31 F. 2d 881).”
Defendant Minneapolis is entitled to a judgment against the subcontractor Taggart for its claim in the sum of $8,061.90, with interest from March 28, 1961. Defendant Nesbitt is entitled to judgment against Taggart for its claim in the sum of $5,207, with interest from January 19, 1961 and defendant Burack is likewise entitled to judgment against Taggart in the sum of $1,276.53, with interest from January 18, 1961. (See Smith Bros. Plumbing Co. v. Engine Air Serv., 307 N. Y. 903, 906.)
Service of a written notice within the 90 days after furnishing the last items of material or work to the job, is required to support payment from the surety specified in the payment bond. (United States v. Fraser Constr. Co., 87 F. Supp. 1.) Liberality, however, has been extended as to the manner of communicating the written notice to the contractor and to the surety and the owner. (Coffee v. United States, 157 F. 2d 968, 969; Bowden v. United States, 239 F. 2d 572; United States v. Thompson Constr. Corp., 273 F. 2d 873, 876; United States v. Chester Constr. Corp., 104 F. 2d 648, 649.)
There is also authority to support the proposition that a bond will be construed liberally in favor of the parties for whose protection it was issued. (Maryland Cas. Co. v. Fowler, 31 F. 2d 881, 884; United States v. Maryland Cas. Co., 64 F. Supp. 522, 526; United States v. Perry, 115 F. Supp. 724, 726; McWaters & Bartlett v. United States, 272 F. 2d 291, 297; Houston Fire & Cas. Ins. Co. v. United States, 217 F. 2d 727; United States v. Reiss Constr. Co., 174 F. Supp. 264.)
The courts have also sustained the proposition that written notice pursuant to a payment bond within 90 days of the last delivery of materials or furnishing of work must be given to the owner or contractor. (United States v. Merritt-Chapman & Scott Corp., 295 F. 2d 186; United States v. York Elec. Constr. Co., 184 F. 2d 520.)
Where additional work or additional materials are delivered to the job and shown to be a necessary portion of the service or materials contracted for, the courts have permitted the 90 days’ period to be computed from the date of the last delivery of merchandise or performance of service. (United States v. Wyatt, 174 F. Supp. 260; United States v. Stewart Co., 195 F. *19 Supp. 715; United States v. Endebrock-White Co., 275 F. 2d 57, 60; United States v. Johnson & Son, 310 F. 2d 899, 903; United States v. Chester Constr. Co., 104 F. 2d 648; United States v. Bregman Constr. Corp., 172 F. Supp. 517.)
In the Bregman ease (supra, p. 522) the court briefly stated the proposition as follows: “ If the material is so furnished pursuant to one entire contract, obviously the measuring date will be the date when the last material is so furnished. If the material is furnished pursuant to a series of separate contracts, the measuring date will be the date when the last material is furnished under the last contract.”
Accordingly, the defendant Minneapolis and Nesbitt are also allowed a judgment against the defendant Continental Casualty Company under the provisions of the payment bond for the amount of their respective claims, not including court costs and disbursements. The claim of the defendant Burack against the Continental Casualty Company under the terms of the payment bond is denied. All of the defendants are allowed a judgment for costs and disbursements against the defendant Taggart.

SUPPLEMENTAL DECISION

The defendant, I. Burack, Inc., has requested a reconsideration and correction of the decision heretofore made herein dated September 25, 1963. The court finds in favor of the defendant, Huntington Hospital Association, and dismisses the claims of the respective defendants as against the hospital. In view of the joint and several provisions of the payment bond of the Continental Casualty Company, Inc., the court finds judgment in favor of the defendants, Minneapolis-Honeywell Regulator Company and John J. Nesbitt, Inc., against the defendant, James King & Son, Inc., as more particularly set forth in the decision of September 25, 1963.
In view of the fact that the court did not grant judgment in favor of the defendant, I. Burack, Inc., against the defendant, Continental Casualty Company, Inc., the court does not find judgment for I. Burack, Inc. against the contractor, James Kang & Son, Inc., as more particularly set forth in the decision of the court of September 25, 1963.
Except as hereinabove provided, the determination of September 25, 1963 is adhered to.