## (November 23, 1964)

■ DAVIS ACOUSTICAL CORP., Respondent, v. HANOVER INSURANCE COMPANY, Appellant.— HERLIHY, J. This appeal is from an order and judgment which granted summary judgment for the cost of labor and material and an additional ·25% of the amount of the claim for attorney fees. The plaintiff was a subcontractor of North American Contracting Company. The contract between them contained a clause that in the event it was necessary to refer any claim to an attorney, the plaintiff would be entitled to an additional 25% of the claim for attorney fees. The North American Contracting Company, in the performance of its contract, encountered financial difficulties and the defendant surety became obligated to pay. The surety bond of the defendant provided for the payment of all labor and materials used, those terms being construed to include water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the contract. The query: Was the attorney fee clause in the plaintiff's contract intended to be included within the scope of the surety bond? We think not. It has long been the law that a surety's liability is to be strictly limited by the scope and meaning of its agreement. The fact that the bond herein enumerated some of the terms covered does not necessarily limit liability to these specifics, but it does spell out generally the intent of the parties. Absent more specific language, a surety should not be obligated to pay such extraneous charges as attorney fees for collection of claims. The rule, thus far, is aptly stated in *People* v. *Backus* (117 N. Y. 196) where at page 201 the court said: " No citation of authorities is needed to show that the contracts of sureties are to be construed like other contracts so as to give effect to the intention of the parties. In ascertaining that intention we are to read the language used by the parties in the light of the circumstances surrounding the execution of the instrument, and when we have thus ascertained their meaning we are to give it effect. But when the meaning of the language used has been thus ascertained, the responsibility of the surety is not to be extended or enlarged by implication or construction, and is *strictissimi juris*." Of course, in determining the scope and meaning of the surety's agreement, reference may be made to the principal's contract with a third party. (*Richardson* v. *County of Steuben*, 226 N. Y. 13.) But there is no basis in the present situation for finding that the term "attorney fees" was intended to be included as part of the *material used* nor can it be logically and reasonably inferred that it was part of the *work*, so as to be encompassed within the meaning of the word "labor", as contained in the surety agreement. There is a further limitation that legal fees generally are not recoverable, except under special contract, as damages incurred in seeking legal redress, even though they are a loss resulting from a defendant's wrongful act. (*Doyle* v. *Allstate Ins. Co.*, 1 N Y 2d 439, 444.) This plaintiff no doubt would be entitled to recover attorney fees from the North American Contracting Company but not against the defendant-appellant Insurance

Company. The trial court, in granting summary judgment, relied upon a decision of this court, *Capitol Refrigeration Co.* v. *Massachusetts Bonding & Ins. Co.* (19 A D 2d 667). There, we affirmed granting summary judgment in similar circumstances but the allowance of attorney fees was not an issue. The Miller Act and the several cases cited by respondent in its brief are not controlling. That act (U. S. Code, tit. 40, §§ 270a-270d) concerns bonds for Federal public buildings and works. Research has failed to disclose any reported New York cases that might be controlling or in point as to the issue herein decided. Judgment and order modified, on the law and the facts, so as to reduce the amount of the award to $1,350, with interest and costs, and as so modified, affirmed, without costs. Gibson, P. J., Reynolds, Taylor and Hamm, JJ., concur.