JENNIFER WRAY, an Infant by Her Guardian ad Litem HAZEL A. WRAY, et al., Appellants, v. CITY OF NEW YORK et al., Respondents.— Judgment herein appealed from, unanimously reversed, on the law, with respect to the Board of Education of the City of New York only, the judgment vacated with respect to said Board of Education, and a new trial directed, with $50 costs and disbursements to abide the event. The action was dismissed at the end of the plaintiffs' case. Appellants concede there was no case made out against the City of New York, but urge that triable issues were raised with respect to the questions whether there was a breach of duty in supervision and, if so, was such breach the proximate cause of the accident. We agree. In reversing, however, we do not pass upon the ultimate merits of the cause, after a full trial, but only hold that triable issues of fact were raised which precluded dismissal on the record at that stage of the proceedings (*Rivera* v. *Board of Educ.*, 11 A D 2d 7; *Gonzalez* v. *Mackler*, 19 A D 2d 229). Concur — Botein, P. J., Stevens, Eager, Tilzer and McNally, JJ.

FERRANTE EQUIPMENT COMPANY, Assignee of ANCHOR CONSTRUCTION CO., INC., Respondent, v. CHARLES SIMKIN & SONS, INC., et al., Appellants.— Order entered December 8, 1967, denying defendants' motion for summary judgment, unanimously reversed, on the law, with $50 costs and disbursements to appellants, and motion granted. Plaintiff as assignee, sues on a labor and material payment bond. The material and labor were supplied to a subcontractor who is not one of the moving parties. In order to sue, plaintiff's assignor, having no contractual relationship with the general contractor, must have given written notice by registered mail of his claim within 90 days from the date on which the last of the labor or materials were supplied. No such notice was given. The substitutions for notice claimed cannot be deemed acceptable, assuming — which is not decided — that such notice may be dispensed with. Concur — Eager, J. P., Steuer, Capozzoli, McGivern and Rabin, JJ.

FRANK PIRRONE, as Trustee for ORBITEC CORPORATION, Bankrupt, Respondent, v. CENTENNIAL INSURANCE Co. et al., Appellants.— Order, entered on July 7, 1967, denying defendants' motion for summary judgment, unanimously reversed, on the law, with $50 costs and disbursements to defendants-appellants, and motion granted. The order of the Superior Court of the State of California, permitting the defendants to pay into court the amount for which the fire loss was originally adjusted, by its very terms discharged each and all defendants from any and all liability to Orbitec Corporation on the insurance policies issued by defendants, Centennial, Boston and Standard. In accordance with said order the defendants deposited a total of $81,736.91 with the California Court. Recognizing that no action on the policies is any longer maintainable against these defendants, the plaintiff has drawn his complaint in the form of a fraud action. He attempts to spell out fraud by alleging that the defendants failed to make prompt payment after the settlement was agreed upon, imposed new and unnecessary requirements, withheld information and that defendants engaged in collusion in the bringing about of the California interpleader action, etc. The complaint is legally insufficient. The only cause of action which Orbitec Corporation had against these defendants was in contract on the insurance policies and that was terminated in the manner aforesaid. Concur — Eager, J. P., Steuer, Capozzoli, McGivern and Bastow, JJ.