■ AVON ELECTRICAL SUPPLIES, INC., Respondent, v FIDELITY & DEPOSIT COMPANY OF MARYLAND et al., Appellants.

The bond by its terms incorporated the underlying contract between the New York City Transit Authority (hereinafter the Transit Authority) and its general contractor. The contract required a bond for the purpose of protecting materialmen and laborers. The plaintiff, a subcontractor of 99 Commerce Electric Inc. (hereinafter 99 Commerce), seeks recovery under the bond for services and materials furnished by itself and various manufacturers with which it placed orders so that it could fulfill its obligation to the subcontractor of the project. The defendant sureties contend that the bond only provided that the contractor and 99 Commerce would be reimbursed for labor and services performed at or in the vicinity of the project site. The contract, however, provided that materialmen such as the plaintiff had a right under the Lien Law to seek compensation for the materials and labor they had furnished regardless of whether the material or labor was furnished at the project site. Additionally, article 2.08 of the contract provided that the Transit Authority would reimburse the contractor for noncancellable materials which were specifically fabricated for the sole purpose of the contract.

Reading the contract and the bond together (see, Madawick Contr. Co. v Travelers Ins. Co., 307 NY 111, 118-119) reveals ambiguities as to what the parties intended the scope of the bond to be (see, Davis Acoustical Corp. v Hanover Ins. Co., 22 AD2d 843). Therefore, triable issues of fact exist which preclude the awarding of summary judgment (see, Supan v Michelfeld, 97 AD2d 755).

The defendants' motion for "reargument and/or renewal" was, in reality, a motion seeking reargument. Since no appeal lies from an order denying reargument, the appeal from the order dated December 11, 1986 must be dismissed. Bracken, J. P., Lawrence, Kunzeman and Harwood, JJ., concur.