■ INTERNATIONAL FIDELITY INSURANCE COMPANY, Respondent-Appellant, v GERALD ROBB, Appellant-Respondent, et al., Defendants. EDWIN SALY, Nonparty Respondent.—In an action, *inter alia,* to recover damages pursuant to an indemnity agreement, the defendant Gerald Robb appeals, as limited by his brief, from so much of an order of the Supreme Court,

Rockland County (Stolarik, J.), dated February 9, 1989, as denied his motion for summary judgment dismissing the complaint insofar as it is asserted against him, and granted that branch of the plaintiff's motion which was for leave to enter an order of attachment against him, and the plaintiff (1) cross-appeals from so much of that order as limited the attachment against the appellant to $272,000, denied that branch of its motion which was for leave to enter an order of attachment against the nonparty Edwin Saly and denied its motion for partial summary judgment against the defendant Jervin Construction, Inc., and (2) appeals from an order of the same court, also dated February 9, 1989, which denied its motion to strike the defendant Robb's answer on condition that the defendant Robb comply with a notice for discovery and inspection within 30 days.

Ordered that the order which denied the defendant Robb's motion for summary judgment is modified, on the law, by deleting the provision thereof which denied that branch of his motion which was for partial summary judgment dismissing the cause of action relating to the agreement dated June 4, 1985, which was not signed by him, insofar as that cause of action is asserted against him, and substituting therefor a provision granting that branch of the motion and dismissing that cause of action insofar as it is asserted against him; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements; and it is further,

Ordered that the order which denied the plaintiff's motion to strike the defendant Robb's answer is affirmed, without costs or disbursements.

We agree with the defendant Robb's contention that the court erred in denying summary judgment dismissing the cause of action against him relating to the June 4, 1985 indemnification agreement which he did not sign. Since his name did not appear on the particular agreement which was executed only by the codefendants Pugliese and Jervin Construction, Inc., he was entitled to summary judgment dismissing the cause of action relating to that agreement insofar as it is asserted against him (see, General Obligations Law § 5-701 [a] [2]).

We do not agree with the plaintiff's claim that the defendant Robb could not raise the Statute of Frauds (CPLR 3211 [a] [5]) as an affirmative defense on the ground that he had failed to raise it in his initial motion to dismiss or in his

original answer. We note in the first instance that although the court denied the defendant Robb summary judgment, it did not rule upon that branch of his motion which sought leave to serve an amended answer so as to assert the Statute of Frauds (see, CPLR 3025 [b]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:62, at 66-67). Despite the fact that the defendant Robb failed to assert the Statute of Frauds defense in his answer, he was entitled to partial summary judgment on the basis of that defense. Under the circumstances of this case, where the plaintiff had a full and fair opportunity to argue the merits of the Statute of Frauds defense in opposing the defendant Robb's motion for summary judgment, the omission of that defense from the answer did not constitute a waiver thereof (see, Rogoff v San Juan Racing Assn., 77 AD2d 831, affd 54 NY2d 883).

We have examined the parties' remaining contentions and find them to be without merit. Brown, J. P., Eiber, Balletta and Rosenblatt, JJ., concur.