■ LYNBROOK GLASS & ARCHITECTURAL METALS CORP., Plaintiff, v ELITE ASSOCIATES, INC., et al., Defendants, AETNA FIRE UNDERWRITERS INSURANCE COMPANY et al., Respondents, and EARL NOBLES ENTERPRISES, INC., Defendant and Third-Party Plaintiff-Respondent. OTIS ELEVATOR COMPANY, Third-Party Defendant-Appellant, et al., Third-Party Defendants. (And Eleven Other Actions.) [626 NYS2d 543] —In an action, inter alia, for breach of a construction contract, the third-party defendant Otis Elevator Company appeals from so much of an order of the Supreme Court, Nassau County (Murphy, J.), entered May 28, 1993, as granted the motion of the defendants Aetna Fire Underwriters Insurance Company and Aetna Insurance Company for summary judgment dismissing the cross claim of Otis Elevator Company to recover money upon a labor and material payment bond.

Ordered that the order is affirmed insofar as appealed from, with costs.

In October 1984, Elite Associates, Inc. (hereinafter Elite), entered into a contract with the County of Nassau (hereinafter the County) for construction of the Nassau County Courthouse in the Town of Hempstead. Aetna Fire Underwriters Insurance Company and Aetna Insurance Company, in connection with the contract, executed a labor and material payment bond dated October 11, 1984, in the form required by the County. The bond ran to the benefit of the claimants, defined therein as "one having a direct contract with the Principal or with a sub-contractor of the Principal for labor, material, or both".

The bond provided in relevant part:

"3. No suit or action shall be commenced hereunder by any claimant.

"a. Unless claimant shall have given written notice to the following: The Principal, the Owner, and the Surety above named, within ninety (90) days after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made".

The trial court correctly found that Otis had submitted no evidence of the existence of a triable issue of fact which would preclude judgment as a matter of law in favor of Aetna. It is undisputed that the first direct, written notice of a claim on the payment bond by Otis Elevator Company (hereinafter Otis), to Aetna, the surety, was more than 90 days after Otis had last furnished materials or performed labor. Although courts have held that the manner in which the written notice to the required parties is communicated should be liberally construed (see, e.g., *Sullivan Highway Prods. Corp. v Edward L. Nezelek, Inc.*, 52 AD2d 986, 987-988; *Triangle Erectors v King & Son*, 41 Misc 2d 12, 18; *Hydrotherm, Inc. v Insurance Co.*, 31 Misc 2d 534, 537), it has been uniformly held that a third-party beneficiary is strictly bound by the terms of the surety's payment bond (see, *Krugman & Fox Constr. Corp. v Elite Assocs.*, 167 AD2d 514, 515; *Sullivan Highway Prods. Corp. v Edward L. Nezelek, Inc., supra; Triangle Erectors v King & Son, supra; Hydrotherm, Inc. v Insurance Co., supra*) and that the surety is chargeable only according to the strict terms of its undertaking (see, *Davis Acoustical Corp. v Hanover Ins. Co.*, 22 AD2d 843). The enforceability of notice of claim requirements have consistently been upheld (see, e.g., *American Indus. Contr. Co. v Travelers Indem. Co.*, 54 AD2d 679, 680, *affd* 42 NY2d 1041; *Powell v Oman Constr. Co.*, 25 AD2d 566; *Extruded Louvre Corp. v McNulty*, 18 AD2d 661,

662; *see also, New York Plumbers' Specialties Co. v Barney Corp.,* 52 AD2d 832; *Ferrante Equip. Co. v Simpkin & Sons,* 30 AD2d 525).

We find that Otis had a full and fair opportunity to argue the merits of the notice-of-claim defense in opposing Aetna's motion for summary judgment. Therefore, Aetna's failure to raise that defense in its answer to Otis's cross claim, under the circumstances herein, did not constitute a waiver thereof *(see, International Fid. Ins. Co. v Robb,* 159 AD2d 687, 689). Sullivan, J. P., O'Brien, Thompson and Hart, JJ., concur.