■ LYNBROOK GLASS AND ARCHITECTURAL METALS CORP., Appellant, v ELITE ASSOCIATES, INC., et al., Defendants, and AETNA FIRE UNDERWRITERS INSURANCE COMPANY et al., Respondents. [638 NYS2d 622]

In October 1984, Elite Associates, Inc. (hereinafter Elite) entered into a contract with the County of Nassau (hereinafter the County) for construction of the Nassau County Courthouse in the Town of Hempstead. In connection with the contract,

Aetna Fire Underwriters Insurance Company and Aetna Insurance Company, the respondents, executed a labor and material payment bond dated October 11, 1984, in the form required by the County. The bond ran to the benefit of "claimants". A claimant was defined as "one having a direct contract with the Principal or with a subcontractor of the Principal for labor, material, or both".

The bond provided, in relevant part:

"3. No suit or action shall be commenced hereunder by any claimant.

"a. Unless claimant shall have given written notice to the following: The Principal, the Owner, and the Surety above named, within ninety (90) days after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made * * * Such notice shall be served by mailing the same by registered mail, postage prepaid, in an envelope addressed to the Principal, Owner and Surety, at any place where an office is regularly maintained for the transaction of business, or served in any manner in which legal process may be served in the state in which the aforesaid project is located, save that such service need not be made by a public officer".

The trial court correctly found that the plaintiff had failed to give notice within the time and in the form as required by the terms of the bond and properly granted summary judgment in favor of the respondents. The plaintiff's written notice of a claim on the payment bond to the respondents, the sureties, was more than 90 days after the plaintiff had last furnished materials or performed labor. It has been uniformly held that a third-party beneficiary is strictly bound by the terms of the surety's payment bond (see, Lynbrook Glass & Architectural Metals Corp. v Elite Assocs., 215 AD2d 453; Krugman & Fox Constr. Corp. v Elite Assocs., 167 AD2d 514, 515; Sullivan Highway Prods. Corp. v Edward L. Nezelek, Inc., 52 AD2d 986, 987-988; Triangle Erectors v King & Son, 41 Misc 2d 12, 18; Hydrotherm, Inc. v Insurance Co., 31 Misc 2d 534, 537) and that the surety is chargeable only according to the strict terms of its undertaking (see, Davis Acoustical Corp. v Hanover Ins. Co., 22 AD2d 843). The enforceability of notice of claim requirements has consistently been upheld (see, e.g., American Ins. Contr. Co. v Travelers Indem. Co., 54 AD2d 679, 680, affd 42 AD2d 1041; Powell v Oman Constr. Co., 25 AD2d 566; Extruded Louvre Corp. v McNulty, 18 AD2d 661, 662; see also, New York Plumbers' Specialties Co. v Barney Corp., 52 AD2d 832; Ferrante Equip. Co. v Simpkin & Sons, 30 AD2d 525).

The plaintiff had a full and fair opportunity to argue the merits of the notice of claim defense in opposing the respondents' motion for summary judgment. Therefore, despite the respondents' failure to raise this defense as to the plaintiff in their answer, under the circumstances herein, the trial court properly granted the respondents summary judgment upon this defense in the absence of operable prejudice and surprise to the opposing party (*see, Lynbrook Glass & Architectural Metals Corp. v Elite Assocs., supra; International Fid. Ins. Co. v Robb,* 159 AD2d 687, 689). Balletta, J. P., Ritter, Altman and Hart, JJ., concur.