■ RRN ASSOCIATES, INC., Respondent, v AETNA CASUALTY AND SURETY COMPANY, Appellant, et al., Defendants, and PAUL

MILSTEIN et al., Intervenor-Appellants. [694 NYS2d 677] —In an action, *inter alia*, to foreclose a mechanic's lien, (1) the defendant-intervenors Paul Milstein and Edward Milstein appeal from an order of the Supreme Court, Kings County (Steinhardt, J.), entered April 21, 1998, which, *inter alia*, granted the plaintiff's motion for partial summary judgment on its first cause of action, and (2) the defendant Aetna Casualty and Surety Company and the defendant-intervenors Paul Milstein and Edward Milstein (who are indemnitors under a lien discharge and payment bond issued by Aetna Casualty and Surety Company) appeal from an order and interlocutory judgment (one paper) of the same court, entered June 3, 1998, which, *inter alia*, is in favor of the plaintiff and against the defendant Aetna Casualty and Surety Company in the principal sum of $411,539.

Ordered that the appeal from the order entered April 21, 1998, is dismissed, as the order was superseded by the order and interlocutory judgment entered June 3, 1998; and it is further,

Ordered that the order and interlocutory judgment entered June 3, 1998, is modified by deleting the first and third decretal paragraphs thereof and substituting therefor a provision denying the plaintiff's motion; as so modified, the order and interlocutory judgment entered June 3, 1998, is affirmed, and the order entered April 21, 1998, is modified accordingly; and it is further,

Ordered that the appellant is awarded one bill of costs.

The Supreme Court erred in granting summary judgment to the plaintiff on the first cause of action seeking to recover on a lien discharge bond. The record presents triable issues of fact, *inter alia*, as to the appellants' claims that the plaintiff was guilty of fraud, and wilfully exaggerated the lien so as to render it void (*see,* Lien Law § 39; *Coppola Gen. Contr. Corp. v Noble House Constr.,* 224 AD2d 856). Contrary to the plaintiff's contention, the fraud claims are not barred by the doctrine of collateral estoppel since the appellants were not parties to the prior arbitration proceedings. Furthermore, the arbitration award is not conclusive as to the validity of the underlying mechanic's lien, or as to whether the amount awarded is chargeable against the defendant surety under the lien discharge bond (*see, Sette-Juiano Contr. [Halcyon Constr. Corp.] v Aetna Cas. & Sur. Co.,* 246 AD2d 142; *see also, QDR Consultants & Dev. Corp. v Colonia Ins. Co.,* 251 AD2d 641). S. Miller, J. P., Joy, Goldstein and Schmidt, JJ., concur.