■ In the Matter of the Rehabilitation of FRONTIER INSURANCE COMPANY. DIXON ELECTRIC, INC., Appellant; FRONTIER INSURANCE COMPANY, Respondent. [910 NYS2d 241]—

McCarthy, J. Appeal from an order of the Supreme Court (Platkin, J.), entered July 24, 2009 in Albany County, which, in a proceeding pursuant to Insurance Law article 74, granted respondent's motion to confirm the referee's report.

Petitioner entered into a contract with MC Construction, Inc. to perform electrical work on a construction project in Kentucky. Respondent issued a payment bond on the project to MC Management, Inc. Respondent later became insolvent and entered into rehabilitation pursuant to Insurance Law article 74, with the Superintendent of Insurance as rehabilitator. Petitioner filed a claim against the payment bond, which the

Superintendent disallowed. After the matter was tried before a referee, the referee denied petitioner's claim on several grounds, including that petitioner failed to establish that it was a claimant as defined by the bond. Respondent moved, pursuant to CPLR 4403 and Insurance Law article 74, to confirm the referee's report and dismiss all of petitioner's claims. Supreme Court granted the motion, confirmed the report and dismissed all claims. Petitioner appeals.

Petitioner was not a proper claimant under the bond. The bond defined a claimant as "one having a direct contract with the Principal or with a subcontractor of the Principal for labor, material, or both." Petitioner's president admitted that petitioner did not have a contract with MC Management, which was the only principal named in the bond. While petitioner had a direct contract with MC Construction, the record does not contain any proof that MC Construction was a subcontractor of MC Management. Petitioner did not present proof to establish that the two corporations were alter egos, so as to pierce the corporate veil and consider MC Construction a principal under the bond. Based on the plain language of the bond, petitioner did not meet the definition of a claimant (*see Lynbrook Glass & Architectural Metals Corp. v Elite Assoc.*, 225 AD2d 525, 526 [1996]; *Davis Acoustical Corp. v Hanover Ins. Co.*, 22 AD2d 843, 843 [1964]; *compare Davis Wallbridge, Inc. v Aetna Cas. & Sur. Co.*, 103 AD2d 1010, 1011 [1984]).

Petitioner may not rely on the prior default judgment issued by a Kentucky court. That judgment was entered against MC Construction, thus it does not bind respondent or its principal, MC Management (*see Aetna Cas. & Sur. Co. v City of New York*, 160 AD2d 561, 563 [1990]; *see also RRN Assoc. v Aetna Cas. & Sur. Co.*, 263 AD2d 501, 502 [1999]). Hence, Supreme Court properly confirmed the referee's report dismissing all of petitioner's claims. The parties' remaining contentions are thus academic.

Spain, J.P., Rose, Kavanagh and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.