Flowcon, Inc. v Andiva LLC (2021 NY Slip Op 06756)





Flowcon, Inc. v Andiva LLC


2021 NY Slip Op 06756


Decided on December 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 02, 2021

Before: Webber, J.P., Friedman, Oing, Shulman, Pitt, JJ. 


Index No. 157480/20 Appeal No. 14735 Case No. 2021-00514 

[*1]Flowcon, Inc., Doing Business as Flower Construction, Plaintiff-Appellant,
v
Andiva LLC, Doing Business as Andiva L.L.C., Defendant-Respondent, JP Morgan Chase, Formerly Known as Chase Manhattan Bank, et al., Defendants.
Andiva LLC, Doing Business as Andiva L.L.C., Third-Party Plaintiff-Respondent,
v
Flowcon, Inc., Doing Business as Flower Construction, Third-Party Defendant-Appellant.


Cermele & Wood LLP, White Plains (Benjamin M. Rattner of counsel), for appellant.
Arkin Solbakken LLP, New York (Robert C. Angelillo of counsel), for respondent.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered February 3, 2021, which, to the extent appealed from as limited by the briefs, denied plaintiff/counterclaim defendant Flowcon, Inc., d/b/a Flower Construction, and third-party defendant John Flower's (the Flower parties) motion to dismiss defendant/third-party plaintiff Andiva LLC's counterclaims and the third-party complaint pursuant to CPLR 7501, with leave to renew after completion of some discovery and further developments, or, in the alternative, to stay the action and compel Andiva to arbitrate its counterclaims and the third-party complaint, and granted Andiva's motion to dismiss the arbitration, unanimously reversed, on the law, with costs, Andiva's motion denied and the Flower parties' motion granted to the extent of compelling arbitration of the counterclaims, and staying prosecution of the Lien Law counterclaims and third-party action during the pendency of the arbitration.
The AIA construction contract pursuant to which plaintiff Flowcon was hired by defendant Andiva as construction manager for the renovation of Andiva's townhouse provided for arbitration before the American Arbitration Association (AAA) of all disputes arising under its terms, and AAA's Construction Industry Arbitration Rules were incorporated into the arbitration agreement. After Andiva allegedly failed to make all payments due under the contract, Flowcon terminated the contract, filed a mechanic's lien, commenced this action to foreclose on the lien, and filed a demand for arbitration (see generally Lien Law § 35).
The AAA's Construction Industry Arbitration Rules provide that the arbitration tribunal shall rule on its own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement. Thus, the threshold issue of the arbitrability of Flowcon's claims alleging nonpayment is one for the arbitrator, not the courts, particularly given the parties' broad arbitration clause (see Life Receivables Trust v Goshawk Syndicate 102 at Lloyd's, 66 AD3d 495 [1st Dept 2009], cert denied 562 US 962 [2010]; Strongbow Consulting Group LLC v PricewaterhouseCoopers LLP, 195 AD3d 532 [1st Dept 2021]). To the extent Andiva argues that arbitration would usurp the court's "gatekeeper" role of ruling upon the validity of a lien and undermine the public policy underlying the remedies afforded a lienee under Lien Law §§ 39 and 39-a since its allegation of lien exaggeration would be effectively resolved by an arbitrator rather than a court, the argument is unavailing. This Court has held that an arbitrator's decision as to the value of labor and materials is conclusive as to all parties to the arbitration but not conclusive as to the validity of the mechanic's lien itself (see Sette-Juliano Contr., Inc./Halcyon Constr. Corp. v Aetna Cas. & Sur. Co., 246 AD2d 142, 148 [1st Dept 1998]; RRN Assoc. v Aetna Cas. & Sur. Co., 263 AD2d 501 [2d Dept 1999]).THIS CONSTITUTES [*2]THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2021